UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGILO DETRES,

           Plaintiff,

vs.                                                 Case No. 8:07-cv-1875-T-24 MSS

SECURETECH SECURITY, INC. and
JONATHAN BERGREN,

           Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Default Final Judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. No. 15.)

**I.    Background**

On October 15, 2007, Plaintiff filed a complaint for unpaid overtime compensation against Defendants, under the Fair Labor Standards Act. (Doc. No. 1.) Plaintiff alleges the following: Plaintiff was Defendants' employee. Defendants were employers as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d). Throughout Plaintiff's employment, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half time the regular rate at which he was employed for workweeks longer than forty (40) hours. As a result of Defendants' actions, Plaintiff is owed unpaid overtime wages and liquidated damages, plus interest, attorney's fees and costs.

On January 4, 2008, the Clerk entered default against both Defendants. (Doc. Nos. 9-10.) Plaintiff now moves the Court to enter a default judgment against Defendants for a total of

$15,976.41 which represents Plaintiff's unpaid overtime wages, liquidated damages, attorney's fees, and costs. (Doc. No. 15.) Plaintiff argues that default judgment is appropriate because Defendant has failed to file an answer or respond to service of Plaintiff's complaint, nor has he cured the Clerk's entry of default.

Plaintiff moves for a total of $13,600.00 in damages, which consists of $6,800.00 in unpaid overtime wages, and $6,800.00 in liquidated damages. In support of its motion, Plaintiff filed his own affidavit. (Doc. No. 15, Ex. A.) Plaintiff states that he was employed by Defendants as a home security system installer from approximately December 15, 2006 until August 15, 2007. Plaintiff states that on average, he earned $800.00 in commissions per week and worked an average of eighty (80) hours per week. Furthermore, Plaintiff states that Defendant failed to provide him with time and a half compensation for his hours worked in excess of forty (40) within a workweek, and that he is owed $13,600.00 in unpaid overtime based on the following calculation:

(a) $800.00 per week/ 80 hours per week = $10.00 per hour (or $5.00 per hour half-time).

(b) 40 hours overtime per week x 34 weeks (December 15, 2006 – August 15, 2007) = 1,360 hours of overtime.

(c) 1,360 hours of overtime x $5.00 per hour = $6,800.00.

(d) Total unpaid overtime wages = $6,800.00.

(e) Liquidated damages = $6,800.00.

(f) Total damages = $13,600.00.

Accordingly, the Court finds that Plaintiff is entitled to the following damages: (1) $6,800.00 in unpaid overtime wages; and (2) $6,800.00 in liquidated damages, for a total of $13,600.00.

Plaintiff's motion for default judgment also requests attorney's fees and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiff filed an affidavit by his attorney, Richard Celler, in which Celler states that Plaintiff incurred attorney's fees in the amount of $1,920.00 and costs in the amount of $456.41 while litigating this action. (Doc. No. 15, Ex. B.) Celler states that he and another attorney worked a total of 6.4 hours on this action, at the rate of $300.00 per hour, totaling $1,920.00 in attorney's fees. Attached to Celler's affidavit is a time sheet setting forth the exact number of hours billed and the matters worked on in those hours. Also attached to Celler's affidavit is a "matter cost ledger" setting forth the costs incurred by Plaintiff's attorneys during the course of this litigation. Upon review, the Court finds that Plaintiff is entitled to his attorney's fees in the amount of $1,920.00, and costs in the amount of $456.41.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion for Final Default Judgment (Doc. No. 15) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of Plaintiff Virgilo Detres and against Defendants Securetech Security Inc. and Jonathan Bergren for a total of $15,976.41, which includes unpaid overtime wages, liquidated damages, and attorney's fees and costs.

(3) The Clerk is directed to close this case.

  **DONE AND ORDERED** at Tampa, Florida, this 14th day of March, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record